Mollfulleda *v.* The Hospital de Caridad de la Concepción.

Appeal from the District Court of San Juan.

No. 135.—Decided November 12, 1904.

Appeal—Judgment.—Where the appellate court modifies the judgment appealed from by affirming it with respect to that portion thereof which agrees with its own decision, and otherwise reversing it, it shall be understood that all the recitals of the decision appealed from which are inconsistent with the judgment of the appellate court are reversed and set aside.

STATEMENT OF THE CASE.

This is an appeal pending before us, taken by Juan Mollfulleda y Chas, from a decision of the District Court of San Juan in proceedings for the execution of the judgment rendered in an action instituted by Mollfulleda against "El Hospital de Caridad de la Concepción," of this city, for the purpose of securing the annulment of a contract.   The appellant

was successively represented in this Supreme Court by Attorneys Rafael López Landrón and Manuel F. Rossy, and the respondent by Attorney Herminio Díaz Navarro.

On July 30, 1892, Juan Mollfulleda y Chas filed a complaint in the former court of first instance of the San Francisco district of this city, against the managers of "El Hospital de Caridad de la Concepción" with the prayer that final judgment be rendered declaring: (1) the nullity of the contract transferring the income of several annuities in favor of said hospital, which contract had been entered into by the hospital and Mollfulleda by public deed of June 16, 1883; (2) subsidiarily, should the action for annulment and its legal effects be dismissed, that the "Hospital de la Concepción" be adjudged responsible to Mollfulleda for the certainty and legality of the credits assigned, with delivery of the necessary documents and titles, or to pay the value thereof; to restore the credits collected in advance by the hospital, and to reimburse the judicial expenses incurred by Mollfulleda in the collection of others; which credits were all specified in the statement of facts contained in the complaint; and (3) that in either of the cases aforesaid, that the managers of the hospital be adjudged to pay the damages caused to Mollfulleda, which would in due time be adjusted.

Having gone through all the formalities of the trial, the aforesaid court of the San Francisco district, by judgment rendered June 26, 1894, denied the prayer for the annulment of the contract contained in the complaint, and condemned the managers of the "Hospital de la Concepción" to deliver to Juan Mollfulleda, within five days, the titles and documents necessary to insure the certainty and authenticity of the credits assigned and numbered 11, 12, 13, 14, 24 and 25, or to pay him the value thereof, according to the list of annuities specified in the deed executed, and to give him, also within five days, receipts for the equivalent of the assured incomes numbered 7, 10 and 15, which were declared uncollectible through

judicial proceedings, as also for those numbered 6 and 22, which had been collected by the hospital, with costs against said charitable institution, but denying the demand for reinbursement of judicial expenses and damages.

From the aforesaid judgment counsel for the "Hospital de la Concepción" took an appeal to the former *Audiencia Territorial,* which appeal was allowed, and by judgment of May 30, 1896, the said court refused to declare the nullity of the contract of conveyance, executed by the "Hospital de Caridad" and Juan Mollfulleda, by public deed of June 16, 1883, the delivery of the titles and documents mentioned in the second item of the complaint, the return of the credits referring to annuities numbered 2 and 22 which were alleged to have been collected in advance by the hospital, or the reimbursement of judicial expenses and damages, and acquitted the "Hospital de Caridad de la Concepción" as to these demands, the final clause of the judgment appealed from being affirmed in so far as the recitals thereof were in conformity with its decision and reversing the same in so far as the other recitals thereof were concerned.

The aforesaid judgment of the *Audiencia Territorial* sets forth as legal grounds for its conclusions, the following:

"That contracts shall only be valid between the parties who execute them and their heirs, except, with regard to the latter, in cases in which the rights and obligations arising from the contract are not transmissible, either by reason of their nature, or by agreement or by provision of law, and the contracting parties may make such agreements and establish such clauses and conditions as they may deem advisable, provided they are not in contravention of law, morals, or public order. (Art. 1255 and 1257 of the Civil Code.)

"That the language of the deed executed June 16, 1883, by the 'Hospital de Caridad' and Juan Mollfulleda clearly shows the aleatory character of said contract, since the hospital assigned to Mollfulleda the outstanding incomes or rents accruing to it from annuities amounting to $6,531.20, up to December, 1882, the annuities to which the rents assigned appertained being specified, and the hospital had contracted no other obligation than that of furnishing him

with such information for his guidance as the managers could supply, said assignment being made for account and risk of Mollfulleda, who agreed to claim no indemnity whatsoever, at any time or for any reason, either from the hospital or from the representatives thereof, waiving the benefits of any law that might favor him in that regard; nor does it appear that the hospital agreed to deliver him the title to the annuities, while all the expenses incurred for the collection thereof were to be found for account of the grantee; this being the reason why the assignment of aforesaid rents was made for a lump sum equal to 50 per cent of their value, that is, $3,265.95, which Mollfulleda had paid in due time.

"That the aforesaid contract contains no agreement, clause, or condition contrary to law or good morals, and therefore it is binding upon both contracting parties, between whom it has legal force; and for this reason the plaintiff cannot allege the nullity thereof on the ground that his efforts to collect the rents assigned had not met with the desired result, for at the time the assignment was agreed upon he could have taken into account the difficulties attending the collection, owing both to the fact that the debts were overdue and the condition of the debtor, as also the deficiency of the titles, which was doubtless one of the chief reasons why the hospital made the assignment in the manner it did; the contract being, for this reason, nothing more than a reciprocal agreement the effects whereof, with respect to profits to be made or losses to be sustained by Juan Mollfulleda, depended upon a doubtful outcome.

"As the deed referred to contains no exception other than that in case any of the rents or incomes assigned should appear to have been collected, receipts of incomes assigned from other principals of equal value to those collected would be delivered to Juan Mollfulleda, any claim made by him on that score must be sustained provided these matters be duly proved; and inasmuch as in the record hereof it is stated that only the incomes of annuities Nos. 6 and 22 appear to have been collected by the hospital, the proper receipt corresponding to the former not having been called for, nor said advance-collection otherwise satisfactorily proved, while as to the latter the validity of the receipt filed on folio 336 has been acknowledged, thus showing that Juan Mollfulleda had received from José Lorenzo, as the former manager of the hospital, the sum of $97, which he had failed to receive in the execution proceedings mentioned by Mollfulleda, the hospital cannot legally be compelled to deliver to the plaintiff the incomes from other principals in place of the two above referred to."

By an order of April 1, 1897, the Supreme Court of Madrid dismissed with costs the appeal in cassation for error of law, taken by Juan Mollfulleda from the judgment rendered by the *Audiencia* of this Island.

After various proceedings having reference to the collection of fees claimed by Attorney Manuel F. Rossy from Mollfulleda, for services rendered as his counsel in the suit, Attorney Rafael López Landrón, on behalf of Mollfulleda, filed with the District Court of San Juan a writing dated June 15, 1903, wherein it is stated that the former *Audiencia* had reversed part of the judgment rendered by the court of first instance and affirmed the other part; in other words, it had ordered that payment be made of the assigned credits numbered 11, 12, 13, 14, 24, and 25, according to the statement of annuities contained in the deed of assignment executed June 16, 1883, as also the one marked No. 6, and had, furthermore, ordered the delivery of receipts equivalent to the incomes of the annuities numbered 7, 10, and 15, amounting to $4,027, special money, with costs against the managers of the "Hospital de la Concepción." He closed praying that the manager of said hospital be required to deliver the aforesaid receipts numbered 7, 10, and 15, and to pay the value of those numbered 6, 11, 12, 13, 14, 24, and 25, as also the costs, amounting at that time to $750.

The above-mentioned court, by an order of June 20 of said year, denied Mollfulleda's petition, whereupon the latter moved for a reconsideration of said order, which motion was denied by another order of October 6 of the same year; and having taken an appeal, which was allowed, the record was forwarded to this court, after citation of the parties.

The appeal having been perfected, a day was set for the hearing, when the attorneys for the parties made their arguments in support of their respective contentions.

*Messrs. López Landrón* and *Manuel F. Rossy,* for appellant.

*Mr. Díaz Navarro,* for respondent.

MR. JUSTICE HERNÁNDEZ, after making the foregoing statement of facts, delivered the opinion of the court.

The former *Audiencia Territorial* by final judgment of May 30, 1886, refused to declare the nullity of the contract of conveyance entered into between the "Hospital de la Concepción" and Juan Mollfulleda, or to require either the delivery of the titles and documents mentioned in the second count of the complaint, or the restitution of the credits having reference to annuities Nos. 2 and 22 alleged to have been collected in advance by the hospital, or the reimbursement of judicial expenses and damages acquitting from liability under the complaint the aforesaid hospital as to these particulars, with a final clause to the effect that the judgment appealed from was affirmed as to the conclusions thereof that were accepted, and reversed as to those that were not, reversed the judgment rendered by the court of San Francisco district, on June 26, 1894, as to all points in conflict with the judgment of said *Audiencia.* Therefore the former judgment was left standing only so far as it refused to declare the nullity of the contract prayed for in the complaint, and the reimbursement of judicial expenses and damages, these being the only points upon which both judgments agree, the interpretation given by Mollfulleda's representative to the judgment in the second instance not being tenable, either because such interpretation is manifestly in conflict with the conclusions of law upon which the mandatory portion of said judgment is based, or because if the delivery of the titles and documents alleged in the complaint in the second court could not be sustained, the object of said titles and documents being to verify the certainty and legitimacy of the credits assigned to Mollfulleda, it is obvious that such was also the case as to ordering the payment of the credits, which payment was contingent upon the event that the delivery of the documents and titles could not be effected, and it is evident that the former *Audiencia,* in mentioning

annuity No. 2, in the mandatory portion of its judgment, committed a clerical error, for there is no doubt that it intended to refer to annuities Nos. 6 and 22, which were the only ones alleged to have been collected in advance by the hospital, as stated by the court of first instance in its decision, and by the *Audiencia* in one of the conclusions of law contained in its judgment; and inasmuch as in the judgment of the higher court no pronouncement was made as to costs, which omission denotes that they should be understood as taxed in the usual manner, or without special imposition, it is likewise evident that the imposition of costs upon the "Hospital de la Concepción," by the judgment of the court of first instance, cannot be considered as remaining in force, since in this particular it is not in accord with the judgment rendered in second instance.

In the decisions appealed from there is nothing in conflict with final judgment rendered, and therefore, the appeal should be dismissed.

We judge that we should affirm, and do affirm, the orders entered by the District Court of San Juan, on June 20 and October 6, 1903, with costs against Juan Mollfulleda. This decision is ordered to be communicated to said court by means of the proper certificate.

Chief Justice Quiñones, and Justices Figueras, MacLeary, and Wolf concurred.